**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.D.**

**No. 21-0447** (Marion County 19-JA-67)

**MEMORANDUM DECISION**

Petitioner Mother C.W., by counsel Diane D. Michael, and her guardian ad litem, Heidi Georgi Sturm, appeals the Circuit Court of Marion County's April 30, 2021, order terminating her parental rights to B.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The child's guardian ad litem, Ashely Joseph Smith, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in refusing to allow petitioner's parents to attend the dispositional hearing.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2019, the DHHR filed a child abuse and neglect petition against petitioner alleging that she failed to adequately provide for the then-six-month-old child's medical and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's counsel filed petitioner' brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure. Petitioner's counsel sought leave for petitioner to file a supplemental brief as a self-represented litigant. We granted petitioner leave to file a pro se supplemental brief on August 6, 2021; however, petitioner did not file such a brief.

nutritional needs.[3] Specifically, the DHHR alleged that the child was not properly gaining weight and had undergone testing to determine whether there was an organic cause for her low weight, but none could be found. The DHHR alleged that the child had been admitted to the hospital on at least three occasions due to failure to thrive and, each time, the child gained weight while in the hospital. When the child was released, however, she ceased gaining weight. The DHHR alleged that petitioner did not have the ability or motivation to properly feed the child, did not properly make the child's bottles, and failed to feed the child according to the schedule prepared by the child's pediatrician.

Petitioner waived her preliminary hearing and services were put in place. According to a DHHR court summary, petitioner was inconsistent with services, which led to the suspension of her visits with the child, around October of 2020, due to her failure to confirm that she would attend visits with the provider. In January of 2020, petitioner underwent a psychological evaluation in which she adamantly denied not knowing how to parent the child and claimed she did nothing wrong. The evaluator noted that petitioner did not possess the skills to live independently or appropriately care for the child, that her adaptive skills deficits were not something that could be overcome with instruction or services, that she placed the father's needs above those of the child's, and that she refused to accept her role in the child's failure to thrive. The examiner also noted that even if petitioner completed services, she did not believe any child would be safe in petitioner's care. Petitioner's psychological evaluation report provided that her prognosis to attain minimally adequate parenting was extremely poor.

Supervised visits were reinstated in January of 2020. Thereafter, the foster mother sent a letter to the DHHR describing the efforts the foster family was taking to increase the child's weight. The foster mother also stated that, following supervised visits with the mother, the child was overly tired, extremely hungry, and threw tantrums that frequently resulted in her vomiting. In April of 2020, the circuit court issued a no contact order between petitioner and the father due to their engagement in domestic violence. Despite this order, petitioner and the father continued to remain in contact.

After many continuances attributable to the COVID-19 pandemic and the need for genetic testing, the circuit court held an adjudicatory hearing in September of 2020. Petitioner stipulated to the allegations contained in the petition and moved the circuit court for an improvement period. Specifically, petitioner admitted that she failed to or was unable to provide for the child's nutritional needs while in her care, which led to the child's failure to thrive. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period.

Despite having been granted an improvement period in which she was ordered to comply with the circuit court's no contact order, petitioner and the father continued be in contact. Further, during visits, petitioner failed to engage with the child, did not speak to her, and simply permitted her to watch videos on her phone. The child frequently cried and threw tantrums during the visits, as well as afterwards when she was returned to the foster parents.

---

[3]At some point during the proceedings, petitioner was appointed a guardian ad litem due to her intellectual disabilities.

The circuit court held a dispositional hearing in April of 2021, during which petitioner advised the circuit court that she desired to voluntarily relinquish her parental rights. The circuit court placed petitioner under oath and questioned her regarding the relinquishment of her parental rights. Ultimately, the circuit court found that petitioner knowingly, intelligently, freely, voluntarily, and with the advice of competent counsel and guardian, waived her right to a dispositional hearing and entered into a voluntarily relinquishment of her parental rights. The circuit court further found that no promises were made to petitioner, nor was she under fraud or duress in entering the relinquishment. The circuit court found that petitioner understood the consequences of voluntarily relinquishing her parental rights and the finality of that decision. The circuit court accepted petitioner's relinquishment and found that the termination of her parental rights was in the child's best interest. Petitioner appeals the April 30, 2021, dispositional order.[4]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in accepting the voluntarily relinquishment of her parental rights. Petitioner states that she was not permitted to have her parents present in the courtroom during the dispositional hearing, which she found "disturbing." She claims that if the DHHR had considered her parents as a placement for the child, she would not have felt obligated to voluntarily relinquish her parental rights to the child. While petitioner acknowledges the need for confidentiality, she asserts that her parents were not random strangers who were "just gratuitously participating in the suffering of others." Petitioner argues she would have been more prepared to address the issues related to disposition if her parents had been present.

Pursuant to West Virginia Code § 49-4-607, "[a]n agreement of a natural parent in termination of parental rights shall be valid if made by a duly acknowledged writing, and entered into under circumstances free from duress and fraud." Further, this Court has acknowledged that "[West Virginia Code § 49-4-607] permits a parent to voluntarily relinquish his/her parental rights.

---

[4]The father also voluntarily relinquished his parental rights to the child. The permanency plan for the child is adoption by her foster family.

3

Such voluntary relinquishment is valid pursuant to [West Virginia Code § 49-4-607] if the relinquishment is made by 'a duly acknowledged writing' and is 'entered into under circumstances free from duress and fraud.'" Syl. Pt. 3, *In re Cesar L.*, 221 W. Va. 249, 654 S.E.2d 373 (2007).

At the outset, we note that petitioner does not cite to any portion of the record demonstrating that she requested that her parents be permitted to attend the dispositional hearing or that the circuit court denied any such request. In any event, even if the circuit court did, in fact, prohibit petitioner's parents from attending the hearing, we find no error. Rule 6a of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that

> [a]ttendance at all proceedings brought pursuant to W. Va. Code § 49-4-601, et seq. shall be limited to the parties, counsel, persons entitled to notice and the right to be heard, witnesses while testifying, multidisciplinary treatment team members, and other persons whom the circuit court determines have a legitimate interest in the proceedings.

Petitioner's parents do not fit into any of the above-mentioned categories. In fact, the record reveals that petitioner's parents were considered as a placement for the child but refused to comply with the home study process. Moreover, petitioner did not call them as witnesses. Accordingly, there was simply no reason for them to be present at the dispositional hearing.

Moreover, petitioner fails to establish, or even allege, that she did not knowingly, intentionally, and voluntarily enter into the relinquishment or that she was under duress or fraud at the time. As for her claim that she was "disturbed" by her parents' absence, it alone is simply insufficient to establish that petitioner was unaware of the finality of her decision or that she was forced into relinquishing her parental rights. The record reveals that petitioner filed a written relinquishment, was placed under oath, and was questioned by the circuit court, who concluded that petitioner's voluntary relinquishment was valid and in the best interest of the child. Further, both petitioner's counsel and her guardian ad litem agreed to petitioner's voluntary relinquishment. Accordingly, we find no error in the circuit court's decision to deny petitioner's parents access to the dispositional hearing or in its acceptance of petitioner's voluntary relinquishment of her parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 30, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

4